# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CR-12-90-R |
| | ) | CIV-16-639-R |
| BARRY SHELDON WARD, | ) | |
| Defendant. | ) | |

## ORDER

Defendant filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Doc. No. 996). The United States responded in opposition to the motion. Having considered the parties' submissions, the Court finds as follows.

Pursuant to a plea agreement with the United States, Defendant pled guilty to a count of conspiracy to possess with intent to distribute, and distribution of MDMA, marijuana, crack cocaine and methamphetamine, and a count of conspiracy to money launder. Contemporaneously with the sentencing in CR-12-90-R, Defendant plead guilty to a single count charging him with Conspiracy to Distribute and Possess with Intent to Distribute Methylenedioxymethamphetamine "MDMA." The case was originally filed in the United States District Court for the Eastern District of California, but was transferred to this Court by agreement of the parties pursuant to Rule 20 of the Federal Rules of Criminal Procedure and assigned Case No. CR-13-42-R. Defendant was sentenced to 180

months on each of the counts in this case, and 180 months in the transferred case, with all sentences to run concurrently. Defendant did not appeal his conviction or sentence.

Defendant filed this instant § 2255 motion seeking resentencing because several of his California convictions have been dismissed, or reduced pursuant to California Proposition 47. The government objects, contending the issue was waived because it was not raised on direct appeal, that the motion is untimely, that Defendant waived his right to collaterally challenge his conviction and sentence, and that his claim lacks merit. The Court concludes that Defendant's motion is barred by the waiver set forth in his Plea Agreement and furthermore, that he is not entitled to relief on the merits.

In the Plea Agreement Mr. Ward waived is right to "appeal or collaterally challenge his guilty plea, sentence . . . and the manner in which the sentence is determined, provided the sentence is within or below the advisory guideline range determined by the Court to apply to this Case." Plea Agreement, at 10-11. He also acknowledged in the Plea Agreement that he "discussed [the] terms . . . with his attorney and underst[ood] and accept[ed] those terms." *See* Plea Agreement at 15. "[A] waiver of collateral attack rights brought under § 2255 is generally enforceable when the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made." *United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001). Defendant clearly waived his rights to seek collateral review, and therefore, is not entitled to relief on the instant motion.

Furthermore, Defendant is not entitled to relief on the merits. Mr. Ward's sentence was premised on his criminal history category of VI, based on prior state convictions. He

contends that in December 2015 he was granted an Order for Dismissal, which reduced a felony offense to a misdemeanor and further that certain other underlying convictions have since been dismissed. Finally he contends that certain of his convictions were reduced pursuant to Proposition 47 from felonies to misdemeanors. He contends that as a result his criminal history should have been lower, and that he should now be re-sentenced.

Defendant's claim related to the sentencing guidelines does not assert a constitutional claim. Rather, he is challenging the Court's application of the Sentencing Guidelines. *See United States v. Hodge*, 534 F. App'x 771, 776 (10th Cir.2013) (claim that federal sentence based in part on state conviction dismissed on non-constitutional grounds is non-constitutional claim based on construction and application of guidelines); *see also United States v. Weathersby*, 550 F. App'x 672, 673 (10th Cir.2014) (non-constitutional claim that the federal court misapplied the sentencing guidelines because it declined to resentence defendant after prior convictions expunged did not support issuance of certificate of appealability). Section 2255(a) authorizes relief in four circumstances: (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the Court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Here, it appears from the documents submitted by Defendant that certain of his state convictions were dismissed or

felonies reduced to misdemeanors pursuant to unique provisions in California law, including Proposition 47 and California Penal Code 1203.4.[1]

Defendant's argument has been rejected by other courts to consider the issue.

> Application Note 10 to § 4A1.2, which provides the following instructive commentary:
> A number of jurisdictions have various procedures pursuant to which previous convictions may be set aside or the defendant may be pardoned for reasons unrelated to innocence or errors of law, e.g., in order to restore civil rights or to remove the stigma associated with a criminal conviction. *Sentences resulting from such convictions are to be counted* [in a defendant's criminal history calculation]. However, expunged convictions are not counted.
> U.S.S.G. § 4A1.2(j), cmt. n. 10 (emphasis added).
> Here, it clear that the § 1203.4 dismissals of petitioner's two California convictions fall squarely within the state procedures described in Application Note 10. Indeed, fatal to petitioner's § 4A1.2(j) argument is the fact that a § 1203.4 dismissal by a California state court does not require a showing of legal or factual error in the earlier state proceeding. Moreover, as the statute itself makes clear, there are substantial limitations placed on a § 1203.4 dismissal. For example, § 1203.4 expressly provides, inter alia, (I) that "[d]ismissal of an accusation or information pursuant to this section does not permit a person to own, possess, or have in his or her custody or control any firearm," and (ii) that "[d]ismissal of an accusation or information underlying a conviction pursuant to this section does not permit a person prohibited from holding public office as a result of that conviction to hold public office." Cal.Penal Code § 1203.4(a). The California statute also provides that "in any subsequent prosecution of the defendant for any other offense, the prior conviction may be pleaded and proved and shall have the same effect as if probation had not been granted or the accusation or information dismissed." *Id.*

*Milan v. United States*, 57 F. Supp. 3d 571, 582 (E.D. Va. 2014), *see also United States v. Hayden*, 255 F.3d 768 (9th Cir. 2001)(concluding that a § 1203.4 dismissal of a defendant's prior state conviction did not require recalculation of the defendant's criminal

---

[1] Penal Code 1203.4 permits a defendant to petition the court to dismiss charges after successful completion of probation.

4

history score or recomputation of his sentence); *United States v. Weatherby*, 2013 WL 5467113 (D.Kan. Sept. 30, 2013)(applying *Hayden*).

California's Proposition 47 permits reclassification of some felonies as misdemeanors. Mr. Ward sought and was granted relief under Proposition 47 for certain of his state convictions following his conviction in this Court. With regard to Proposition 47 the Ninth Circuit has noted the "general rule is that when a state grants post-conviction relief to a defendant with respect to his state felony conviction, we do not apply those changes retroactively to invalidate federal sentence enhancements." *United States v. Diaz*, 821 F.3d 1051, 1058 (9th Cir. 2016). Thereafter, it concluded that state reduction of a sentence under Proposition 47 did not undermine a prior conviction's felony-status for purposes of 18 U.S.C. § 841. The Court concurs with the conclusion in *Diaz* which is consistent with Tenth Circuit authority regarding the overturning of state convictions on non-constitutional grounds.

Accordingly, the Court finds that Defendant waived his right to seek collateral review of his sentence and further, he is not entitled to relief on the merits of his claims. Therefore, his Motion pursuant to 28 U.S.C. § 2255 is hereby DENIED.

**IT IS SO ORDERED** this 26th day of August, 2016.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE